1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9   JACOB SMITH,

10                                      Petitioner,

11          v.

12   ISIDRO BACA, et al.,

13                                      Respondents.

Case No. 3:14-cv-00512-MMD-VPC

ORDER

14          This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

15   2254, by a Nevada state prisoner. Along with the petition, petitioner has submitted a

16   motion for the appointment of counsel. (Dkt. no. 1-4.) Pursuant to 18 U.S.C. §

17   3006A(2)(B), the district court has discretion to appoint counsel when it determines that

18   the "interests of justice" require representation in a habeas corpus case. Petitioner has

19   no constitutional right to appointed counsel in a federal habeas corpus proceeding.

20   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428

21   (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney*

22   *v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987);

23   *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

24   However, counsel must be appointed if the complexities of the case are such that denial

25   of counsel would amount to a denial of due process. *See Chaney*, 801 F.2d at 1196;

26   *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

27          The federal habeas petition submitted in this action includes many claims, the

28   contents of which suggest that it may be a relatively complex action. In the underlying

state criminal case, petitioner was convicted of first degree murder and was sentenced to imprisonment for life without the possibility of parole. Moreover, the federal petition was drafted not by petitioner, but by an inmate law clerk, suggesting that petitioner lacks the ability to formulate legal arguments necessary to litigate this federal habeas action. The Court grants petitioner's motion for the appointment of counsel.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

It is therefore ordered that petitioner's motion for the appointment of counsel (dkt. no. 1-4) is granted. The Federal Public Defender is appointed to represent petitioner.

It is further ordered that the Clerk of Court shall electronically serve the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the petition for writ of habeas corpus and its attachments (dkt. no. 1). The FPD shall have thirty (30) days from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

It is further ordered that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

DATED THIS 29th day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE