UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JACOB SMITH,<br><br>                Petitioner,<br>v.<br><br>ISIDRO BACA, et al.,<br><br>                Respondents. | Case No. 3:14-cv-00512-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss (ECF No. 24). The motion and briefing present a single issue as to whether Ground 2 of the counseled amended petition relates back to Ground 5 of the *pro se* original petition.

**I.    BACKGROUND**

Petitioner Jacob Smith challenges his Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon.

In Ground 5 of the original petition, Smith alleged that he was denied effective assistance of trial counsel when counsel failed to invoke the rule of exclusion at the beginning of the trial, thereby allowing investigating detectives Depoali and Granier to remain in the courtroom and continue to intimidate witnesses Natalie Wolfe and Joshua Wolfe to keep them from providing exculpatory testimony. Petitioner alleged that the detectives had threatened to send the witnesses to prison and further had threatened to take Natalie Wolfe's children from her if the witnesses did not say what the detectives wanted. He alleged that this intimidation continued into the trial when the detectives were

1 allowed to remain in the courtroom during the witnesses' testimony. (ECF No. 1-1 at 13-14.)

In Ground 2 of the counseled amended petition, petitioner alleges that he was denied rights to due process, equal protection and a fair trial when the prosecution allowed detectives Depoali and Granier to intimidate Natalie Wolfe and Joshua Wolfe before trial and by their presence in the courtroom at trial. (ECF No. 18 at 15-18.)

**II.     DISCUSSION**

A claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the claim relates back to a timely-filed claim pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5.

The Court is persuaded that amended Ground 2 relates back to original Ground 5. Both the prosecutorial-misconduct claim in amended Ground 2 and the ineffective-assistance claim in original Ground 5 are tied to the same core of operative facts — the alleged intimidation of witnesses Natalie Wolfe and Joshua Wolfe by detectives Depoali and Granier prior to and at trial. The prosecutorial-misconduct claim in amended Ground 2 presents a different legal theory tied to this same core of operative facts. *See, e.g., Ha*

*Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013) (amended claim of ineffective assistance of counsel for failing to raise double jeopardy claim related back to substantive claim in original petition).

The motion to dismiss therefore will be denied.

## III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 24) is denied.

It is further ordered that respondents must file an answer to the amended petition within forty-five (45) days of entry of this order and that petitioner may file a reply within thirty (30) days of service of the answer.

The Court is endeavoring to posture this matter for resolution in advance of March 31, 2018, to the extent possible. Requests for extension based on scheduling conflicts between this action and other actions in this Court should be sought in the later-filed case.

DATED THIS 14th day of November 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE